THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

___

LEWIS C. TATUM,

    Plaintiff,

v.                                                                 Case No. _____

                                                                                          JURY DEMANDED

ALLENBERG COTTON COMPANY; and
MEMPHIS COMPRESS,

    Defendants.

___

## COMPLAINT
___

    Plaintiff Lewis Tatum brings this cause of action against the Defendants Allenburg Cotton Company and Memphis Compress for compensatory and punitive damages arising from age and disability discrimination, would show this Honorable Court and a jury of her peers the following:

**Parties, Turisdiction, and Venue**

1.    Defendant Allenburg Cotton Company *("ACC")* - a Delaware Corporation with its principal place of business located at 2711 Centerville Road, Wilmington, Delaware 19808- is a cotton plant that is conducing business in Tennessee at 7255 Goodlett Farms Parkway, Cordova, Tennessee. ACC may be served via its Registered Agent for Service of Process Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203. ACC employs the

     requisite number of employees for coverage under Title VII of the Civil Rights Act. At all times relevant hereto, ACC was the employer of the Plaintiff.

2. Defendant Memphis Compress Company ("Memphis Compress") - a Delaware Corporation with its principal place of business located at 2711 Centerville Road, Wilmington, Delaware 19808- is a cotton warehouse storage and distribution facility that is conducing business in Tennessee at 2350 Florida Street, Memphis, Tennessee. Memphis Compress may be served via its Registered Agent for Service of Process Corporation Service Company, 2908 Poston Avenue, Nashville, Tennessee 37203. Memphis Compress employs the requisite number of employees for coverage under Title VII of the Civil Rights Act. At all times relevant hereto, Memphis Compress was the employer of the Plaintiff.

3. Plaintiff Lewis Tatum ("Tatum") is a resident of Shelby County, Tennessee, and resides at 7427 Hunters Tree Circle, Memphis, Tennessee 38125.

4. The acts upon which this lawsuit are based arose in Shelby County, Tennessee, and Defendants' local offices are located within this County, making venue proper in this Court.

5. Jurisdiction is proper under 28 U.S.C. § 1331, the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101, *et seq.;* the Age Discrimination in Employment Act (ADEA), 29 U.S.C. § 621, *et seq.;* Title VII of Civil Rights Act, 42 U.S.C. §2000e-5, *et seq.;* and Tennessee Human Rights Act, T.C.A. §4-21-101 *et seq.*

6. Tatum submitted a Charge of Discrimination to the EEOC, received a Right to Sue, and filed this action within 90 days of receiving her Right to Sue. A copy of

       the "Right to Sue" is attached hereto as Exhibit A.

7. This action is also based upon the common law of promissory estoppel and a tortious breach of an implied covenant of good faith and fair dealing.

8. This action is also based upon an employment termination in violation of the public policy of Tennessee.

9. In addition, this action is based upon intentional and negligent infliction of emotional distress (tort of outrage); malicious harassment, tortious interference of an employment relationship; and misrepresentation.

10. This Court has supplemental jurisdiction over plaintiff's state law claim(s) pursuant to 28 U.S.C. §1367.

11. Therefore, based upon the above and supported by the following facts, this Court has jurisdiction over the parties, and subject matter and venue, pursuant to 28 U.S.C. 1391(b), are proper in this court.

## Facts

12. On or about April of 1985, Mr. Tatum became an employee of Defendants as a Laborer.

13. On or about January of 2008, Defendants required Mr. Tatum to submit to a total health wellness evaluation.

14. Defendants' management informed Mr. Tatum that the outcome of this health evaluation would determine his employment with Defendants.

15. Mr. Tatum passed this wellness evaluation with a positive health report and instructions to continue to work without restrictions.

16. Defendants required another health evaluation in January of 2009, and Mr. Tatum again passed the health evaluation with instructions to continue work without restrictions.

17. Upon information and belief, Defendants did not require health evaluations for all employees.

18. On or about February of 2010, Mr. Tatum began to be pestered by his supervisors with questions about when he was going to retire.

19. On or about February of 2010, Defendants management required Mr. Tatum to take a drug and alcohol test for no cause.

20. While riding to the test, Defendants' employees drove past Mr. Tatum's house and told him that he needed to be home at his age.

21. On or about February of 2010, Mr. Tatum's leg began to hurt. His supervisor asked him if he needed to see a doctor. Mr. Tatum went home at the end of his shift on that day and returned ready and willing to work the next day. At this time, Mr. Tatum's office manager informed Mr. Tatum that he could not return to work until he had a doctor's approval.

22. On or about April 14, of 2010, Plaintiff was released to return to work with no restrictions by Dr. Michael DeShazo. Dr. DeShazo's letter is attached hereto as exhibit B. Mr. Tatum was denied an opportunity to return to work at this time by Defendants, and Defendants required that Mr. Tatum see another doctor.

23. Mr. Tatum was again approved to return to work without restrictions on or about June 30, 2010 by Dr. Charles Wallace. Dr. Wallace's letter is attached hereto as Exhibit C.

24. Defendants still denied Mr. Tatum's return to work after his second release and required Mr. Tatum to visit another doctor for a release to return to work.

25. Mr. Tatum obtained a third doctor's release to return to work without restrictions from Dr. Phelps at the Regional Medical Center at Memphis. Dr. Phelp's note is attached hereto as Exhibit D.

26. Though Mr. Tatum obtained three separate doctor releases to return to work without restrictions, Defendants would not allow Mr. Tatum to return to work.

27. Mr. Tatum's last day of work as a maintenance Laborer for Defendants was on or about March 6, 2010.

28. Mr. Tatum was constructively terminated by defendants on or about March 6, 2010.

29. At all relevant times hereto, Mr. Tatum was over the age of 40 and therefore, a member of the protected class for age discrimination.

30. Defendants replaced Mr. Tatum with younger employees, below age 40, who assumed Mr. Tatum's duties and responsibilities.

31. Upon information and belief, Defendants pay these younger employees less money to perform the same duties as Mr. Tatum.

32. Defendants discriminated against Mr. Tatum for an actual and/or perceived disability.

33. Mr. Tatum is an individual with a "disability" as that term of art is defined under the ADA or was "regarded as disabled" by Defendants. Mr. Tatum's disability can substantially limit his major life activities of dealing with work-related stress, sleeping, and working in a class or range of jobs.

## Causes of Action

34. Defendants discriminated against Mr. Tatum when they terminated him on the basis of his age in violation of the Age Discrimination in Employment Act.

35. Defendants discriminated against Mr. Tatum when they terminated him on the basis of his actual and perceived disability in violation of the Americans with Disabilities Act.

36. Defendants' conduct complained of herein constitutes a wrongful discharge in violation of the laws and public policy of the State of Tennessee.

37. Defendants' conduct complained of herein constitutes a violation of the common law of the State of Tennessee, including, but not limited to Hostile Work Environment

38. As a result of these violations, Mr. Tatum seeks recovery for back pay, front pay, emotional distress, reinstatement, all benefits incident to employment, punitive damages, attorney fees, interests, and costs.

WHEREFORE, PREMISES CONSIDERED, Mr. Tatum prays the Court will enter a judgment against Defendants for the relief set forth herein including all compensatory damages available, equitable relief available, liquidated damages, punitive damages, attorney fees, interest, cost, and any further specific or general relief

that the Plaintiff shows himself to be justly entitled.

    RESPECTFULLY SUBMITTED this the ___ day of _____ , 2011.

                  LAW OFFICE OF J. HOUSTON GORDON

                  BY:    s/William A. Wooten
                          WILLIAM A. WOOTEN (#026674)
                          KEISHA RICHARDSON (#026492)
                          Attorneys for Plaintiff
                          P. O. Box 846
                          Suite 300, Hotel Lindo Bldg.
                          114 W. Liberty Avenue
                          Covington, TN 38019-0846
                          (901) 476-7100/Telephone
                          (901) 476-3537/Facsimile

    We acknowledge ourselves as sureties for the costs of this cause not to exceed One Thousand Dollars ($1,000.00).

                          s/William A. Wooten
                        LAW OFFICE OF J. HOUSTON GORDON